GREGORY *v.* LEWIS.

4-6933                                    167 S. W. 2d 499

Opinion delivered January 11, 1943.

*John S. Mosby,* for appellant.

*R. H. Peace, Willis B. Smith* and *P. A. Lasley,* for appellee.

McHANEY, J.   The question involved in this appeal is the validity of a written contract between appellant, Gregory, and appellees, L. T. and L. N. Gray, doing business as the Eagle Transportation Company. That was the only question decided by the trial court and is the only question now decided by this court.

The Grays, in the name of Eagle Transportation Company, operated a bus line over highway 167 between Fordyce and El Dorado, under License Certificate No. B-745, issued by the Corporation Commission, and had pending before said Commission an application for authority to extend their operations from Fordyce into Little Rock. On April 30, 1940, they entered into the following written contract with appellant, Gregory, headed "Partnership Agreement."

"Know All Men by These Presents:

"Agreement made and entered into this thirtieth day of April, nineteen hundred and forty, A. D., by and between L. N. Gray and L. T. Gray of Conway, Faulkner county, Arkansas, and Herbert M. Gregory of El Dorado, Union county, Arkansas.

"(1) That the said L. N. Gray is the owner of a certificate issued by the Arkansas Corporation Commission to operate a bus service between Fordyce and El Dorado, Arkansas, better known as A. C. C. Permit No. B-734, that was originally issued in name of Willis V. Lewis, but was, as of date August 29th, 1939, under Case No. B-745, transferred to L. N. Gray, an individual, who is the same person as indicated above, whose father is L. T. Gray, as indicated above, and who is a silent partner with his son, L. N. Gray.

"(2) That said L. N. Gray and L. T. Gray are also the owners of one International Truck and equipped with a bus body, which is being used in the service today being operated between Fordyce and El Dorado, Arkansas.

"(3) That the said L. N. Gray did as of date April 10th, 1940, make application for extension of said bus service to permit operation between Fordyce and Little Rock, Ark., thus giving a through service between Little Rock and El Dorado, Ark., over U. S. highway No. 167.

"(4) That said L. N. Gray now finds that to operate the through bus service proposed between Little Rock and El Dorado, Ark., it will take an additional amount of capital of $10,000, or at least some one who can secure proper bus equipment to handle the traffic.

"(5) That the said Herbert M. Gregory is in position to assist the said L. N. Gray and L. T. Gray to secure the necessary equipment as above indicated, and the said Herbert M. Gregory does agree to the best of his ability to assist said L. N. Gray and L. T. Gray in the securing of extension of rights from Fordyce to Little Rock as well as securing new buses.

"(6). That in consideration of this understanding and agreement on the part of said Herbert M. Gregory, said L. N. Gray and L. T. Gray does hereby bargain and sell to said Herbert M. Gregory an undivided one-half interest in said rights as contained in Arkansas Corporation Commission Certificate No. B-734 originally issued in name of Willis V. Lewis, transferred as of date August 25th, 1939, to L. N. Gray covering operation between Fordyce and El Dorado, Ark., also any rights that may hereafter be secured in name of L. N. Gray covering extension of route from Little Rock to Fordyce, Ark., also any rights that may be secured in name of W. M. Bellot between El Dorado, Ark., and Haynesville via Three Creeks, Ark., and the further consideration of the sum of ten dollars cash in hand paid to said L. N. Gray and L. T. Gray by said Herbert M. Gregory, receipt of which is hereby acknowledged."

Thereafter, on November 21, 1940, the additional Permit or License Certificate No. B-853 was granted by the Commission authorizing the operation between Fordyce and Little Rock. The granting of this additional Permit, No. B-853, was opposed by the Missouri Pacific Transportation Company and it appealed from the action of the Commission to the Pulaski Circuit Court, and, from an adverse decision there, it appealed to this court. In an opinion this day delivered, the judgment of the Pulaski Circuit Court was reversed and the cause remanded with directions to reverse, annul and set aside the action of the Commission in issuing said Permit No. B-853. *Mo. Pac. Trans. Co.* v. *Gray, ante,* p. 62, 167 S. W. 2d 636. It appears to us, in view of this decision, there is very little left in the case now under consideration about which to litigate.

However, we proceed to determine the validity of the contract above set out. On February 12, 1941, for a recited consideration of $1,000 paid and the assumption of certain company debts, amounting to about $1,500, Gregory sold and assigned all his interest in the two permits and in the Eagle Transportation Company to appellant Showman. The suit was instituted by appellee, Lewis, who had been employed by the Grays as manager of their operations as extended, he being required by his contract with them to furnish the necessary equipment and funds to operate under said permits. The equipment and funds were furnished by Southwestern Greyhound Lines who had entered into a contract with the Grays to purchase, subject to the approval of the Commission the two License Certificates, Nos. B-745 and B-853, without knowledge of Gregory's interest. The Commission refused to approve the transfer until Gregory was disposed of. Lewis operated several months at a loss. He called on appellants to assist in the operation and they refused, so he brought this suit against them and the Grays. Greyhound intervened in the action attacking the validity of the contract between Gregory and Grays. The trial court held the contract void as against public policy because of the obligation imposed on Gregory in paragraph 5 of the contract, providing that Gregory "does agree to the best of his ability to assist said L. N. and L. T. Gray in the securing of extension of rights from Fordyce to Little Rock. . . ." The court apparently based its decision on the holding of this court in *Bryant Lumber Co.* v. *Fourche River Lumber Co.*, 124 Ark. 313, 187 S. W. 455. Whether the trial court was correct in so holding, we do not now determine, as we think the contract ineffective for another reason. Aside from the fact that it appears to us that it was the primary purpose of the Grays and Gregory to acquire the additional permit for speculative purposes and without any intent or showing of financial ability to operate as extended, the attempted sale of a half interest in the two permits was not conditioned on the approval of the Corporation Commission, and its approval, a necessary step in the transfer, was neither sought nor obtained.

The contract, therefore, never became effective or of any validity. Section 2025, Pope's Digest.

The decree is accordingly affirmed.

Mr. Justice Carter disqualified and not participating.